T.C. Summary Opinion 2006-142

UNITED STATES TAX COURT

JAMES WARREN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16096-05S.          Filed September 13, 2006.

James Warren, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to section 7463[1] in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $813 in 2002 and $1,300 in 2003. After concessions by petitioner,[2] the issues for decision are: (1) Whether petitioner is entitled to deductions on Schedule A, Itemized Deductions, for cash charitable contributions of $4,500 for 2002 and $1,000 for 2003 and (2) whether petitioner is entitled to deductions on Schedule A for noncash charitable contributions of $500 each for 2002 and 2003.

Some facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. When the petition was filed, petitioner resided in Downingtown, Pennsylvania.

Two computer-generated lists of contributions allegedly made to The Church of Faith (the church) in Raleigh, North Carolina, showing contributions of $85 for each week from January 6 to November 10, 2002, $90 for each of the next 6 weeks, $135 for the last week of 2002 (totaling $4,500 in 2002), and $20 per week from January 5 to December 14, 2003 (totaling $1,000 in 2003), were presented at trial. The lists indicate that each contribution was made in cash. The lists were prepared by Chester Muhammad or his daughter and were provided to petitioner by Mr. Muhammad's daughter. Mr. Muhammad was petitioner's

---

[2] Petitioner does not contest a disallowed deduction for a casualty and theft loss of $4,467 for 2003.

accountant. Neither list is dated or signed by a representative of the church. At trial, petitioner failed to produce receipts from the church for any of his alleged contributions.

Petitioner has not been to the church since 1999. Petitioner provided no testimony or documentation regarding the $500 noncash contribution deductions claimed on either of his returns for 2002 and 2003.

### Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information. Petitioner has not met the requirements of section 7491(a) because he has not met the substantiation requirements or introduced credible evidence regarding the deductions at issue.

Deductions are strictly a matter of legislative grace and the taxpayer bears the burden of proving entitlement to the claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

U.S. 435, 440 (1934).  Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year.  Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary.  Sec. 170(a)(1).  In general, the regulations require a taxpayer to maintain for each contribution of money one of the following:  (1) A canceled check; (2) a receipt from the donee;[3] or, in the absence of a check or receipt, (3) other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.

For a contribution of property other than money, taxpayers must maintain, for each contribution, a receipt showing the name of the donee, the date and location of the contribution, and a description of the property.  Sec. 1.170A-13(b)(1), Income Tax Regs.  Where it is impractical to obtain a receipt, taxpayers must maintain other written records indicating the name and address of the donee, the date and location of the donation, a description of the property, and its fair market value at the time the contribution was made.  Id.; sec. 1.170A-13(b)(2)(ii), Income Tax Regs.

Section 1.170A-13(a)(2)(i), Income Tax Regs., which applies to both money and property contributions, provides special rules to determine the reliability of records on the basis of all the

---

[3] A receipt is required to contain the name of the donee, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

facts and circumstances of the particular case and further provides factors to consider in making this determination, including: (1) Whether the writing that evidences the contribution was written contemporaneously and (2) whether the taxpayer keeps regular records of the contributions.[4]

Petitioner testified that his cash contributions to the church consisted of money that he gave to his mother who, in turn, gave that money to the church. Petitioner produced no canceled checks or receipts of his cash contributions. The only records petitioner provided were the lists, which were created by his accountant, showing weekly payments to the church. These lists were not prepared contemporaneously with the alleged contributions. Petitioner provided no testimony or documentation regarding his deductions for noncash contributions.

We find that petitioner failed to provide reliable evidence of his purported contributions and failed to meet his burden of proof. We hold that respondent's determinations disallowing petitioner's claimed charitable contribution deductions are sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4] Sec. 1.170A-13(b)(2)(i), Income Tax Regs., provides that the reliability rules for records of money contributions also apply to records of property contributions.